*IN THE UNITED STATES BANKRUPTCY COURT FOR THE*
*EASTERN DISTRICT OF TENNESSEE*
*NORTHERN DIVISION AT KNOXVILLE*

IN RE:

**RICHARD PARKER WILKINSON,**     Case No. 3:16-BK-31282-SHB
                                  Chapter 7

    Debtor.

**MICHAEL H. FITZPATRICK, TRUSTEE,**

    Plaintiff,

vs.                               Adversary Proceeding No. 3:17-ap-03035-SHB

**WILLIAM DAVID WILKINSON**

    Defendant.

### ANSWER OF WILLIAM DAVID WILKINSON

Comes William David Wilkinson ("Wilkinson") pursuant to Fed. R. Bankr. P. 7008 and 7012 and Fed. R. Civ. P. 8 and 12 and for response to the Complaint would state as follows:

1. The allegations of this paragraph are admitted.

2. The allegations of this paragraph are admitted.

3. The allegations of the first sentence of this paragraph are admitted. To the extent that any issue is determined to be non-core, then Wilkinson does consent to entry of final order or judgment by this Court.

4. The allegation of this paragraph is admitted.

5. The allegations of this paragraph are admitted.

6. It is admitted that Wilkinson is the brother of the debtor and thus, by definition, is considered to be an insider. At any relevant time, Wilkinson denies having any

knowledge of any acts or omissions of the debtor that are being questioned or challenged by the Trustee. Further Wilkinson denies that he acted in concert with the debtor in regards to any issues in this case or the debtor's underlying bankruptcy matter.

7. Wilkinson is without sufficient knowledge to either admit or deny as to the Trustee's investigation, therefore, proof is demanded. It is denied that the debtor legally possessed any lots in River's Edge Subdivision in Loudon, Tennessee.

8. It is denied that the debtor legally owned Lot 12 in River's Edge Subdivision.

9. It is admitted that on August 12, 2016 that the debtor executed a quit claim deed for the purposes stated in that deed. It is denied that the debtor was transferring his interest in Lot 12 of River's Edge Subdivision to Wilkinson. It is admitted that Exhibit A attached to the Complaint is a copy of the quit claim deed recorded in Loudon County, Tennessee.

10. It is denied that the quit claim deed dated August 12, 2016 constituted a transfer of any interest in property held by the debtor. It is denied that the quit claim deed was for no monetary consideration. Wilkinson is without sufficient information or knowledge to either admit or deny whether the debtor obtained permission from the Court before transferring the asset, therefore, proof is demanded.

11. Wilkinson is without sufficient information or knowledge to either admit or deny the allegations of this paragraph, therefore, proof is demanded.

12. The allegations of this paragraph are denied.

13. It is denied that the debtor held an interest in Lot 12 River's Edge Subdivision at any relevant time. Wilkinson is without sufficient information or knowledge to either

admit or deny any disclosures that were made or not made by the debtor, therefore, proof is demanded. It is denied that there was a transfer by the debtor of Lot 12 to Wilkinson at the relevant time.

14. Wilkinson is without sufficient information or knowledge to either admit or deny any investigation by the Trustee, therefore, proof is demanded. Wilkinson admits that the quit claim deed attached to the Complaint as Exhibit B is of record with the Loudon County Register of Deeds. It is admitted that the quit claim deed purports to be a conveyance from the debtor to Wilkinson, but it did not convey the properties alleged.

15. Wilkinson is without sufficient information and knowledge to either admit or deny as to what the Trustee believes, therefore, proof is demanded. The remaining allegations of this paragraph are denied.

16. Wilkinson is without sufficient information or knowledge to either admit or deny the allegations of this paragraph, therefore, proof is demanded.

17. Wilkinson is without sufficient information or knowledge to either admit or deny the allegations of this paragraph, therefore, proof is demanded.

18. The allegations of this paragraph are denied.

19. Wilkinson is without sufficient information or knowledge to either admit or deny the allegations of this paragraph, therefore, proof is demanded.

20. The allegations of this paragraph are denied.

21. The allegations of this paragraph are denied.

22. Any allegations of this paragraph as they pertain to Wilkinson are vehemently denied. It is specifically denied that Wilkinson acted with intent to hinder, delay or defraud

the creditors of the debtor. As to the allegations of this paragraph against the debtor, Wilkinson is without sufficient information or knowledge to admit or deny, therefore, proof is demanded.

23. The allegations of this paragraph are denied.

24. The allegations of this paragraph are denied.

25. It is denied that the Trustee is entitled to any relief whatsoever against Wilkinson.

26. For affirmative and other special defenses, Wilkinson states as follows:

   a. The Trustee is estopped from asserting claims against Wilkinson;

   b. Without the knowledge and/or consent of Wilkinson, debtor mistakenly executed a number of deeds for which he had no authority to do so;

   c. There is insufficient service of process on Wilkinson in that the Summons and Complaint were not mailed to Wilkinson's dwelling house or usual place of abode or to the place where Wilkinson regularly conducts a business or profession as is required by Fed. R. Bankr. P. 7004 *et seq.*; and

   d. The Trustee's Complaint fails to state a claim upon which relief can be granted.

Respectfully submitted, this 15th day of December, 2017.

/s/ Jerry M. Martin
_____
Jerry M. Martin, BPR #010053
112 Glenleigh Ct., Ste. 1
Knoxville, Tennessee 37934
jerrymartinlaw@aol.com
(865) 777-2700
Attorney for William David Wilkinson

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of December, 2017, a copy of the foregoing Answer of William David Wilkinson was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the

electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

/s/ Jerry M. Martin
_____
Jerry M. Martin
TN BPR #010053
112 Glenleigh Ct., Ste. 1
Knoxville, TN 37934
jerrymartinlaw@aol.com
(865) 777-2700