## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION AT KNOXVILLE

IN RE:

      **RICHARD PARKER WILKINSON,**      Case No. 3:16-BK-31282-SHB

                                                                                              Chapter 7

            Debtor.

**MICHAEL H. FITZPATRICK, TRUSTEE,**

      Plaintiff,

vs.                                                   Adversary Proceeding No.  3:17-ap-3035-SHB

**WILLIAM DAVID WILKINSON,**

      Defendant.

### PARTIES DISCOVERY PLAN

**COME NOW** the parties, by counsel, pursuant to the order of the court signed December 15, 2017, and submit the following discovery plan:

1.     The parties' views on Fed. R. Civ. P. 26(f)(1)-(4) are as follows:

    a.     No changes should be made to the timing, form or requirement for disclosures. The initial disclosures will have been made by both parties no later than March 9, 2018.

    b.     The subjects of discovery are the issues and defenses listed in the complaint and answer.

    c.     No changes should be made in the limitations on discovery imposed under the rules.

    d.     No other discovery orders are appropriate at this time.

2.     The Plaintiff alleges:

    a.     The plaintiff alleges that the debtor transferred an asset of the estate known as Lot 12 of the River's Edge Subdivision post-petition, for less than fair equivalent value, and

without court approval. The plaintiff seeks to avoid this transfer under 11 U.S.C. § 549 to be recovered for the benefit of the estate under 11 U.S.C. 544(b)(1).

b.    The plaintiff further alleges that the transfer of Lot 12 of the River's Edge Subdivision as well as the transfers of numerous other lots from Phase I and Phase II of the River's Edge Subdivision were made with actual intent to hinder, delay or defraud creditors, or in the alternative, the transfers were made without the debtor receiving adequate value in exchange for the transfer, and the debtor intended to incur or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they came due. The plaintiff alleges these transfers were in violation of the Tennessee Uniform Fraudulent Conveyance Act found at Tenn. Code Ann. 66-3-301 et. seq., and may be recovered for the benefit of the estate pursuant to 11 U.S.C. 544(b)(1).

3.    The defenses of the defendant are as set out below:

a. The defendant denies that Lot 12 was an asset of the estate or that there was a post-petition transfer. It is denied that the debtor received less than fair equivalent value. It is denied that there is any basis in fact or law that permits the plaintiff to avoid transfer of any of the lots in River's Edge Subdivision for the benefit of the estate.

b. The defendant denies that the debtor legally owned and/or possessed Lot12 or any other lots in River's Edge Subdivision. Without the knowledge and/or consent of the defendant, the debtor mistakenly executed deeds for lots in River's Edge Subdivision, when he had no authority to do so. It is denied that any transfers of lots in River's Edge were made with actual intent to hinder, delay or defraud creditors. It is denied that the debtor did not receive adequate value in exchange for any transfer.  It is denied that any transfers of lots in River's Edge by the debtor to the defendant were in violation of the

Tennessee Uniform Fraudulent Conveyance Act. It is denied that there is any basis in fact or law for the plaintiff to recover any of the lots in River's Edge Subdivision for the benefit of the estate.

4. The parties believe that the prospects for settlement are good at the present time.

5. The parties suggest that trial will take one (1) day and request that trial be set after May 1, 2018.

Respectfully submitted,

*/s/ Ryan E. Jarrard*

BPR No. 024525
**QUIST, FITZPATRICK & JARRARD, PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-2121
(865) 524-1873 ext. 232
rej@qcflaw.com

/s/ *Jerry M. Martin*

BPR No, 010053
112 Glenleigh Ct. Suite 1
Knoxville, TN 37934
(865) 777-2700
jerrymartinlaw@aol.com